IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER MARIE BIELAT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 20-349-E ) |
| KILOLO KIJAKAZI,[1] *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

ORDER

AND NOW, this 24th day of February 2022, the Court has considered the parties' cross motions for summary judgment and will award judgment in favor of Defendant.[2] The decision denying Plaintiff's application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence and, thus, will be affirmed. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (explaining that the Commissioner's findings of fact are "conclusive" where supported by substantial evidence).[3]

---

[1] Kilolo Kijakazi is hereby substituted as Defendant, replacing former Commissioner Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). This change has no impact on the case. 42 U.S.C. § 405(g). The Clerk is directed to amend the docket appropriately.

[2] In her motion for summary judgment, Defendant has asked that the Court tax costs against Plaintiff. Because Defendant has not argued that point in the accompanying brief, the Court will not award costs by this order. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions" are not sufficient to bring issues before the Court).

[3] Plaintiff's July 31, 2017 application for SSI benefits was denied by an Administrative Law Judge ("ALJ") on January 31, 2020 when he decided that Plaintiff could perform a limited range of light work necessary for at least three occupations (cashier, small parts assembler, and cleaner). (R. 13, 16, 22—23). Plaintiff here argues that the ALJ's decision is undermined by his failure to adequately explain his rejection of the medical opinions offered by a consultative examiner ("CE") who assessed Plaintiff's impairments and limitations. The Court has

considered the challenge but has found the ALJ's consideration of the CE's opinions was adequate. Therefore, the Court will award summary judgment to Defendant.

An ALJ's findings of fact are reviewed for "substantial evidence." *Biestek*, 139 S. Ct. at 1152. The substantial evidence threshold is "not high." *Id.* at 1154. Where an ALJ supports his or her findings with "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," reviewing courts must leave those findings undisturbed. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (explaining that reviewing courts may not "substitute [their] conclusions for those of the fact-finder"). Though deferential, the substantial evidence standard does not permit conclusory findings. ALJs must provide enough analysis for reviewing courts' "meaningful judicial review." *See Fargnoli v. Massanari*, 247 F.3d 34, 40 n. 4 (3d Cir. 2001) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119–20 (3d Cir. 2000)). Accordingly, when ALJs "reject pertinent or probative evidence," they must explain the rejection. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008) (citing *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). In articulating these analyses, ALJs are not beholden to any "particular language" or "particular format." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

Plaintiff's challenge to the ALJ's decision in this matter pertains to the ALJ's consideration of medical opinion evidence toward the residual functional capacity ("RFC") finding. A claimant's RFC is "the most [he/she] can still do despite [his/her] limitations." 20 C.F.R. § 416.945(a)(1). With it, ALJs determine whether claimants can return to past work or adjust to other work. *Jones*, 364 F.3d at 503 (explaining where the determination of a claimant's RFC fits into the five-step evaluation ALJs use to decide whether a claimant is disabled under the Act). For applications filed on or after March 27, 2017, ALJs' consideration of medical opinion evidence toward the RFC finding is subject to the framework articulated at 20 C.F.R. § 416.920c. Pursuant to Section 416.920c, an ALJ must consider the medical opinion evidence and articulate his or her determination of the opinions' persuasiveness. *Id.* § 416.920c(b). Persuasiveness is assessed according to five factors: "[s]upportability," "[c]onsistency," "[r]elationship with the claimant," "[s]pecialization," and "[o]ther factors." *Id.* § 416.920c(c). Supportability and consistency are the two most important factors. *Id.* § 416.920c(a).

Here, Plaintiff argues that the ALJ failed to adequately explain his consideration of medical opinion evidence, therefore, the RFC finding cannot be found to be supported by substantial evidence. The medical opinion evidence in question is an "INTERNAL MEDICINE EXAMINATION" and "MEDICAL SOURCE STATEMENT OF ABILITY TO DO WORK-RELATED ACTIVITIES (PHYSICAL)" completed by the CE, Dr. Rosenberg. (R. 339—53). Therein Dr. Rosenberg noted that Plaintiff complained of knee pain, radiating back pain, and radiating neck pain. (R. 339). However, he further noted Plaintiff "appeared to be in no acute distress." (R. 340). Dr. Rosenberg observed some swelling in the joints of Plaintiff's right hand, pain with range of motion of her shoulders, and pain with range of motion in her cervical spine, lumbosacral spine, knees, and left hip. (R. 341). Dr. Rosenberg's diagnoses included moderate bilateral shoulder pain, moderate bilateral hand pain, mild neck pain, moderate back pain,

moderate bilateral knee pain, mild left hip pain, fibromyalgia, and Gilbert's disease with a "Fair" prognosis. (R. 342). Assessing Plaintiff's resultant limitations, Dr. Rosenberg opined, in the "USE OF HANDS" section of the ability-to-do-work-related-activities form, that Plaintiff could reach, handle, finger, and push/pull only occasionally. (R. 345). Later on the same form, the ALJ added that Plaintiff's impairments and limitations would affect "twisting [her] c-spine," *i.e.*, her neck. (R. 348). Dr. Rosenberg also opined Plaintiff could climb stairs and ramps, balance, stoop, kneel, crouch, and crawl at least occasionally. (R. 346). Considering this opinion alongside the other evidence of record toward the RFC, the ALJ limited Plaintiff to light work with limitations that included a limitation to "frequently finger, handle, and reach bilaterally with the upper extremities." (R. 16). The ALJ did not explicitly articulate any neck-twisting limitations.

Plaintiff points out that the limitations included in this RFC do not match all of Dr. Rosenberg's opined limitations and argues the ALJ failed to adequately explain his rejection of certain opinions offered by Dr. Rosenberg. She argues the error was harmful because the occupations the ALJ later identified for her require frequent reaching, therefore, the ALJ might have found her disabled had he accepted Dr. Rosenberg's occasional-reaching limitation. Additionally, the VE testified that limitation to "fingering, handling and reaching bilaterally with upper extremities" only occasionally, instead of frequently, would result in no work being available to Plaintiff. (R. 46). Plaintiff further argues that limitation of an individual's ability to turn her neck "would assuredly affect the employment base," so the ALJ's omission of any limitation arising from Plaintiff's difficulty twisting her cervical spine was also a harmful error. (Doc. No. 14, pg. 10). Finally, Plaintiff contends that the ALJ, having rejected Dr. Rosenberg's opinions, found limitations without reference to another opinion that supported his RFC finding. Thus, the ALJ effectively elevated his own lay interpretation of "raw medical data" over Dr. Rosenberg's professional opinion. (Doc. No. 14, pgs. 8, 12—13 (citing *Johnson v. Berryhill*, No. CV 17-574, 2018 WL 2335879, at *2 (W.D. Pa. May 23, 2018) (citation omitted)).

The Court finds Plaintiff's challenges to the ALJ's consideration of Dr. Rosenberg's opinion and the RFC finding unpersuasive. Addressing Dr. Rosenberg's opined limitations, the ALJ explained that he found Dr. Rosenberg's opinions "somewhat persuasive" and acknowledged that Dr. Rosenberg believed Plaintiff could reach, handle, finger, push and pull only occasionally. (R. 21). However, the ALJ found the examination findings, as well as prior examination findings, Plaintiff's initial application, and Plaintiff's testimony were inconsistent with any stricter limitation on Plaintiff's use of her hands than those he included in the RFC. (R. 21). The ALJ's observation of inconsistency—which he supported with references to the other parts of the record—constitutes an adequate explanation for his partial rejection of Dr. Rosenberg's opinions. As to Plaintiff's difficulty twisting her neck, the ALJ acknowledged that Plaintiff was observed to have "pain with range of motion of the cervical spine" at Dr. Rosenberg's examination. (R. 19). He further noted that one of Dr. Rosenberg's diagnoses was "mild neck pain." (R. 20). The ALJ nevertheless found that limitation to a "light exertional level" with "occasional performance of postural maneuvers" would be possible for Plaintiff on a sustained basis despite her severe medically determinable impairments, including "curvature of

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as specified above.

s/ Alan N. Bloch<br>
United States District Judge

ecf:   Counsel of Record

---

[the] spine and fibromyalgia." (R. 21—22). In these explanations of his consideration of the opinion and other relevant evidence, the ALJ neither ignored evidence nor appeared to reject evidence for an incorrect reason. Therefore, the Court finds the ALJ's consideration of Dr. Rosenberg's opinions adequate.

Further, the Court is unmoved by Plaintiff's argument that the ALJ's decision is deficient because, having partly rejected Dr. Rosenberg's opinions, the ALJ failed to justify his findings by reference to another specific medical opinion. Though Plaintiff appears to drop this argument in her reply brief (Doc. No. 17, pg. 1), the Court will briefly address it. This Court has rejected the argument that ALJs must premise their RFC findings upon a specific medical opinion. *Hornyak v. Colvin*, No. CV 15-74-E, 2016 WL 1255288, at *1 n.1 (W.D. Pa. Mar. 30, 2016) (citing *Doty v. Colvin*, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014); *Callahan v. Colvin*, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014)). The RFC is an administrative finding. 20 C.F.R. § 416.927(d). Accordingly, ALJs are obligated to review all the evidence and decide what limitations are appropriate for inclusion in the RFC; fulfilling that obligation does not mean an ALJ has inappropriately substituted his or her lay opinion for the medical opinion evidence in the record. *See Galloway v. Comm'r of Soc. Sec.*, No. CV 20-4669, 2021 WL 4477145, at *4 (E.D. Pa. Sept. 30, 2021). For this and the foregoing reasons, the Court will grant summary judgment in favor of Defendant in this matter, affirming the ALJ's decision.